**KAUFMAN, Plaintiff-Appellant, v. BROCKWAY et, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22703.    Decided March 9, 1953.

Louis R. Lanza, Cleveland, for plaintiff-appellant.

Malvern E. Schultz, James F. Wilson, Cleveland, for defendant-appellee.

## OPINION

Per CURIAM:

This appeal comes to this court on questions of law from a judgment entered for the defendants in the common pleas court of Cuyahoga

County on their motion for judgment entered by the defendant upon trial and at the conclusion of the plaintiff's evidence.

The plaintiff's petition alleges that he, as a licensed real estate broker, was employed by the defendant, Albert J. Brockway, Herbert E. Russell and Grace E. Russell, to find a purchaser for their two-family house located at 10807 Ashbury Avenue in the City of Cleveland  Thereafter, on July 2, 1949, plaintiff alleges that he procured a purchaser, to-wit, defendant, Myrtle Houston, who entered into a written contract with the other defendants herein named, for the purchase of said property, said contract providing among other things, that the plaintiff was to be paid a commission by the sellers in the sum of $670.00.

It is further alleged that the defendants sellers, and the defendant buyer, thereafter conspired together to defraud the plaintiff of said commission by unlawfully and maliciously consummating said transaction with Joseph and Mattie Hendry (brother and sister-in-law of Myrtle Houston) who, in truth and in fact, took the legal title to said premises in trust for the defendant, Myrtle Houston.

It is then alleged that for the foregoing reasons all the defendants by virtue of such conspiracy are indebted to plaintiff in the full amount of the commission contracted for in the sum of $670.00.

The answer of defendants, Herbert E. and Grace E. Russell and Albert J. Brockway, admit the alleged agreement to sell the property to Myrtle Houston, said contract being entered into as the result of the efforts of the plaintiff, and further allege that she was unable to finance said purchase and that therefore the negotiations for the sale of said property to Myrtle Houston were dropped with the knowledge and consent of the plaintiff.  They further allege that through the efforts of another real estate broker, they sold the premises on land contract to Lucius Jeffers and deny any conspiracy with the first purchaser Myrtle Houston for the purpose of depriving the plaintiff of his alleged commission.

The defendant, Myrtle Houston, specifically denied all the allegations of plaintiff's petition.

The record discloses that the plaintiff did not file a reply or contravert in any way the affirmative allegations contained in the answer of the defendants, Herbert E. and Grace E. Russell and Albert J. Brockway.  The defendants Russell and Brockway were, at the time this action was filed, residents of Portage County, while Myrtle Houston lived in Cuyahoga County.  The record shows that service of summons was had upon the defendants Brockway and the Russells by the sheriff of Portage County under the provisions of §§11282 and 11277 GC, the right to bring said defendants into this county thus being founded upon the plaintiff's petition attempting to state a cause of action against all of the defendants, including Myrtle Houston as a resident of Cuyahoga County on the ground of conspiracy.

It is an undisputed fact that without a charge of conspiracy Myrtle Houston, the prospective buyer, would not be liable for the payment of any commission that might be due the plaintiff from the other defendants.

The trial court upon full and complete consideration of all the plain-

tiff's evidence concluded that the allegations of the petition charging a conspiracy were not supported by sufficient evidence and entered judgment for the defendants.

With this finding we are in complete accord, and therefore hold that there is no credible evidence in the record to support the allegations charging conspiracy.

The plaintiff seems to contend that the allegations of the petition and his evidence were sufficient to entitle him to a judgment for a commission aside from the claim of conspiracy under the authority of **Cary v. Conn, 107 Oh St 113.** No such case is pleaded, and if it had been Myrtle Houston would not be a proper party defendant and the plaintiff therefore could not bring the defendants Brockway and the Russells into this jurisdiction by service had in Portage County. The forum for such a case would be in Portage County and the Common Pleas Court of Cuyahoga County would not have jurisdiction to try the issues here presented unless the defendants residing in Portage County were, or one of them, was served personally in Cuyahoga County.

For the foregoing reasons the judgment of the Common Pleas Court is affirmed. Exceptions allowed. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.